## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM C. KING,                          )
                                          )
                                          )
                    Plaintiff,            )          Case No. 1:05CV01074 (RJL)
                                          )
          v.                              )
                                          )
ALPHONSO R. JACKSON,                      )
   SECRETARY OF HOUSING AND               )
   URBAN DEVELOPMENT,                      )
                                          )
                    Defendant.            )
_____  )

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Alphonso R. Jackson,

Secretary of Housing and Urban Development, moves this Court to grant this Motion to Dismiss

for the reasons set forth in the accompanying Memorandum filed in support of this Motion.  A

proposed Order is attached hereto.

                              Respectfully submitted,

                              PETER D. KEISLER
                              Assistant Attorney General

                              KENNETH L. WAINSTEIN
                              United States Attorney

                                /s/ Renée S. Orleans
                              HENRY A. AZAR, JR. (D.C. Bar No. 417249)
                              RENÉE S. ORLEANS (MD Bar)
                              U.S. Department of Justice, Civil Division
                              Federal Programs Branch
                              20 Massachusetts Ave., N.W., Room 7120
                              Washington, D.C.  20530
                              Phone: (202) 514-4504; Fax: (202) 616-8470
                              Email: renee.orleans@usdoj.gov

Dated: August 1, 2005                     Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIAM C. KING, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05CV01074 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| ALPHONSO R. JACKSON, | ) | |
| SECRETARY OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## INTRODUCTION

Plaintiff William C. King, former Director of the Office of Departmental Equal

Employment Opportunity at the Department of Housing and Urban Development ("HUD"),

brings this action under Title VII of the Civil Rights Act against defendant Alphonso R. Jackson,

Secretary of HUD.  Plaintiff alleges that then-Deputy Secretary Jackson retaliated against

plaintiff by instituting discharge proceedings after plaintiff failed to follow an order to sign a

declaration on behalf of HUD in its defense of a lawsuit.  Plaintiff's retaliation claims fail as a

matter of law because plaintiff has not alleged that he engaged in any statutorily protected

activity.  Title VII protects an employee from opposing an "unlawful employment practice," 42

U.S.C. § 2000e-3(a), a term that is limited to specific acts of employment discrimination.  Id. §

2000e-2(a).  Defendant's order that plaintiff sign the declaration was not an act of employment

discrimination, and does not fall within the statutory definition of an "unlawful employment

action."  Therefore, plaintiff's refusal to sign the declaration was not an act protected by Title

VII, and the Court should dismiss this action as a matter of law.

## BACKGROUND

A.    **Factual Background**

Plaintiff was employed as the Director of HUD's Office of Departmental Equal Employment Opportunity ("ODEEO") from March 19, 2000, until October 21, 2003.  Complaint ¶ 14.  Plaintiff describes his former position as follows:

> [Plaintiff] served as the principal advisor to the Secretary and the Deputy Secretary on matters related to HUD's equal employment program, and had nationwide responsibility for HUD's Equal Employment Opportunity and Affirmative Employment programs designed to ensure the enforcement of federal laws which prohibit discrimination and retaliation in federal employment and promote affirmative employment at HUD.

Id. ¶ 15.

On August 8, 2002, Dennis Worth, a white male employed by HUD, brought a putative class action against former HUD Secretary Mel Martinez and Equal Employment Opportunity Commission ("EEOC") Chair Cari Dominquez under Title VII and the Fifth Amendment of the U.S. Constitution, challenging "'affirmative employment plans that discriminate on the basis of race, ethnicity and gender  . . . .''  Complaint ¶ 21; Worth v. Jackson, No. 02cv1576, slip op., at 2 (D.D.C. January 5, 2004) ("Worth I") (citation omitted), attached hereto as Defendant's Exhibit No. 1.  Mr. Worth sought to represent a class consisting of all white male employees of federal departments and agencies, including HUD, that promulgated Affirmative Employment Plans ("AEP") pursuant to an EEOC management directive.  Complaint ¶ 21; Worth I, slip op., at 3. As a remedy, Mr. Worth sought, *inter alia*, injunctive relief that would prohibit HUD from using the AEP in making any employment decisions and from discriminating on the basis of race and gender, as well as a declaratory judgment that HUD and the EEOC were violating his

constitutional rights.  Complaint ¶¶ 21-22; <u>Worth I</u>, slip op., at 3.

In the present complaint, plaintiff states:

> One of the specific targets of the <u>Worth</u> class plaintiffs was the
> HUD [AEP] which, among other matters, tracked HUD's minority
> and female hiring and employment and established its affirmative
> employment program for each Fiscal Year.  [Plaintiff] had been
> responsible for the preparation and implementation of HUD's
> AEP's and for their approval by the Secretary of HUD, since his
> appointment as Director of HUD's Office of Departmental Equal
> Employment Opportunity of [HUD].

Complaint ¶ 23.

On August 20, 2003, the Court in <u>Worth</u> directed the government to file a brief

addressing the impact of the EEOC's revocation of EEOC's Management Directive 714 ("MD-

714") on the claims asserted in <u>Worth</u>.  Complaint ¶ 25; August 20, 2003 Order in <u>Worth v.</u>

<u>Martinez</u>, attached hereto as Defendant's Exhibit No. 2.  As explained in <u>Worth I</u>, EEOC's MD-

714 became effective October 1, 1987, and explicitly provided for "[n]umerical goal setting

where there [was] a manifest imbalance or conspicuous absence of minorities and women in the

agency's work force."  <u>Worth I</u>, slip op., at 4 (quoting MD-714, at 4); <u>see</u> <u>also</u> Complaint ¶ 26.

MD-714 required agencies, such as HUD, to develop and submit "multi-year affirmative

employment plans, annual accomplishment reports, and updates  . . ." to ensure the

"development of comprehensive five-year programs to accomplish EEO objectives."  <u>Worth I</u>,

slip op., at 4 (quoting MD-714, at 7); <u>see</u> <u>also</u> Complaint ¶ 26.

EEOC Management Directive 715 ("MD-715") became effective on October 1, 2003, and

superseded MD-714.  Unlike MD-714, MD-715 does not provide for any numerical goal-setting

objectives.  As explained in <u>Worth I</u>:

> MD-715's 'overriding objective . . . is to ensure that all employees
> and applicants for employment enjoy equality of opportunity in the
> federal workplace regardless of race, sex, national origin, color,
> religion, disability or reprisal for engaging in prior protected
> activity.'

Worth I, slip op., at 5 (quoting MD-715, at i-ii) (emphasis removed); see also Complaint ¶ 27

("[e]ffective October 1, 2003, MD-714 was superseded by MD-715").  The Complaint alleges

that MD-715 "is silent as it relates to federal agencies' maintenance of affirmative employment

programs of equal employment opportunities."  Complaint ¶ 27.

In support of the government's brief addressing the effect of the issuance of MD-715,

then-Deputy Secretary Jackson directed plaintiff to execute a declaration that stated:

> Pursuant to EEOC Management Directive 714 ('MD-714'), HUD's
> Fiscal Year ("FY") 2003 Affirmative Employment Plan ('AEP')
> expires on September 30, 2003.
>
> The FY 2003 HUD AEP will not be renewed or reissued.

Complaint ¶ 28.  Plaintiff states that he refused to sign the declaration "on the ground that HUD

was required by federal law and regulation, including Title VII, to prepare, update and maintain

a program of affirmative employment for recruitment and hiring at HUD."  Id.

Plaintiff asserts that on September 9, 2003, then-Deputy Secretary Jackson learned that

plaintiff had refused to sign the declaration and directed plaintiff to sign the declaration "under

penalty of being fired for insubordination."  Id. ¶ 29.  Plaintiff states that he refused to sign the

declaration because he claims "HUD's failure to have an affirmative employment plan in place

would violate Title VII, 42 U.S.C. § 2000e-16(b)(1); HUD regulations, 24 C.F.R. § 7.4; and the

Civil Service Reform Act, 5 U.S.C. § 7202(c)(1)."  Complaint ¶ 30.  Plaintiff claims that his

refusal to execute the foregoing declaration would not compromise HUD's defense in Worth.

4

Complaint ¶ 31.

Plaintiff states that on September 9, 2003, then-Deputy Secretary Jackson advised plaintiff that unless he resigned, he would be fired for insubordination for refusing a direct order to execute the declaration. Id. ¶ 32. On September 10, 2003, plaintiff submitted his resignation from his position and from HUD, effective September 20, 2003. Id. ¶ 33. Then-Deputy Secretary Jackson accepted plaintiff's resignation and placed him on administrative leave. Id. ¶ 34. Plaintiff, however, withdrew his resignation before it became effective, stating that he believed that then-Deputy Secretary Jackson had reconsidered his decision. Id. ¶ 35. Plaintiff states that upon learning that plaintiff withdrew his resignation, then-Deputy Secretary Jackson, on October 1, 2003, relieved plaintiff from his position, detailed him to a position outside of his office, proposed to discharge plaintiff for insubordination for refusing a direct order to execute the declaration in Worth, and arranged for former Secretary Martinez to discharge plaintiff. Id ¶ 36. Plaintiff subsequently became eligible for early retirement and resigned before being discharged. Id. ¶ 38. His resignation was effective October 21, 2003. Id. ¶ 40.[1]

---

[1] By way of further background, then-Deputy Secretary Jackson ultimately signed the declaration on behalf of HUD in support of the government's motion to dismiss Worth on mootness grounds. See Defendant's Motion to Dismiss Amended Complaint, Docket No. 47 (Case No. 01-1576 RBW). The declaration contained the same wording as described above. Id. Judge Reggie B. Walton, on January 5, 2004, granted the government's motion to dismiss on mootness grounds in part and denied it in part. See Defendant's Exhibit No. 1. Specifically, Judge Walton dismissed as moot the Worth plaintiff's claims that challenged MD-714 and HUD's AEP that was in force pursuant to MD-714. See Defendant's Exhibit No. 1, at 12-13. Judge Walton allowed limited discovery on the issue of whether the Worth plaintiff's challenge to HUD's general hiring, promotion, transfer and retention policies have also been rendered moot. Id. Judge Walton has now dismissed all remaining claims in Worth, pursuant to orders dated February 23, 2005, and July 19, 2005. See Docket Nos. 76 & 80 (Case No. 01-1576 RBW).

B.     **Administrative Proceedings and Plaintiff's Present Complaint**

On November 19, 2003, plaintiff contacted an Equal Employment Opportunity

("EEO") Counselor to initiate an informal administrative process; he filed a formal

administrative complaint of discrimination on February 4, 2004.  Complaint ¶¶ 41-42.  On April

28, 2005, defendant issued a Final Agency Decision, id. ¶ 43, and plaintiff subsequently filed the

instant complaint on May 27, 2005.

In his present complaint, plaintiff alleges that he engaged in protected activity when he

refused then-Deputy Secretary Jackson's direct order to execute the declaration in Worth.  See

Complaint ¶ 46.  He claims that then-Deputy Secretary Jackson retaliated against him by

notifying him that unless he resigned, he would be fired for insubordination for refusing a direct

order to execute the declaration.  Id. ¶ 47.  He also claims then-Deputy Secretary Jackson

retaliated against him by relieving plaintiff of all his duties and responsibilities, detailing him to

a position outside of his office, proposing to discharge him from HUD for insubordination, and

arranging for his discharge.  Id. ¶ 48.  Plaintiff brings two counts in his complaint, both of which

claim that defendant's actions were in violation of the "opposition clause" of Title VII.  Id. ¶ 51,

59.  In Count I, plaintiff claims that defendant's alleged retaliation coerced plaintiff into

resigning from HUD, effective October 21, 2003.  Id. ¶ 49.  In Count II, plaintiff claims that

defendant's alleged retaliation "rendered plaintiff's working conditions intolerable and caused

his constructive discharge from HUD, effective October 21, 2003."  Id ¶ 57.

Plaintiff claims that these actions "materially and adversely altered the terms, conditions,

and privileges of plaintiff's employment and his future employment, stigmatized plaintiff, and

damaged his professional reputation and standing" as well as causing him emotional damage.  Id.

¶ 50, 52, 58, 60.  Plaintiff seeks an order declaring that defendant violated his civil rights under Title VII and enjoining defendant from further violations; reinstating plaintiff as Director of ODEEO at HUD; awarding him backpay and commensurate benefits from October 21, 2003; requiring record correction and expunction; and awarding him compensatory damages, attorney fees and costs.  Id. "Prayer for Relief."

C.    **Statutory Background**

Title VII's anti-retaliation provision provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).  The statute further provides that "[i]t shall be an unlawful employment practice for an employer –

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Id. § 2000e-2(a).

Title VII further provides that the EEOC is "responsible for the annual review and approval of a national and regional equal employment opportunity plan which each [federal] department . . . shall submit in order to maintain an affirmative program of equal

7

employment opportunity for all such employees and applicants for employment . . . ." Id. §

2000e-16(b)(1).

## STANDARD OF REVIEW

Defendant moves to dismiss plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for

failure to state a claim upon which relief can be granted.  Under Rule 12(b)(6), dismissal is

appropriate "only where a defendant has shown beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." Jacobsen v. Oliver, 201 F.

Supp. 2d 93, 98 (D.D.C. 2002) (noting standard for motion to dismiss under Rule 12(b)(6))

(quoting In re Swine Flu Immunization Products Liability Litigation, 880 F.2d 1439, 1442 (D.C.

Cir. 1989)) (other citation omitted); Brady v. Livingood, 360 F. Supp. 2d 94, 99 (D.D.C. 2004).

When deciding a motion to dismiss for failure to state a claim under Fed. R .Civ. P. 12(b)(6), the

court is required to construe the complaint in the light most favorable to the plaintiff and accept

as true all reasonable inferences drawn from well-pled factual allegations.  Daisley v. Riggs

Bank, N.A., 372 F. Supp. 2d 61, 66-67 (D.D.C. 2005).

Solely for purposes of this motion, defendant assumes the accuracy of the factual

allegations presented in plaintiff's complaint as well as all reasonable inferences drawn from the

complaint.

## ARGUMENT

<u>PLAINTIFF CANNOT STATE A RETALIATION CLAIM BECAUSE HE DID NOT ENGAGE IN ANY STATUTORILY-PROTECTED ACTIVITY UNDER TITLE VII</u>.

A claim of retaliation brought under Title VII is adjudicated under the burden-shifting paradigm of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  Under the first element of the burden shifting paradigm, the plaintiff must establish a *prima facie* case of retaliation. <u>Thomas v. National Football League Players Ass'n</u>, 131 F.3d 198, 202 (D.C. Cir. 1997).  To make out a prima facie case, the plaintiff must show that: (1) he engaged in statutorily protected activity; (2) he suffered an adverse personnel action; and (3) there is a causal connection between the protected activity and the adverse action.  <u>Taylor v. Small</u>, 350 F.3d 1286, 1292 (D.C.Cir. 2003); <u>Brown v. Brody</u>, 199 F.3d 446, 453 (D.C. Cir. 1999).  Plaintiff cannot get past the first requirement of a *prima facie* retaliation case because he fails to allege a statutorily protected activity.

The clause of Title VII's retaliation provision upon which plaintiff bases his claim provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an <u>unlawful employment practice</u> by this subchapter . . . or because he has . . . assisted, or participated . . . . in any manner in any investigation, proceeding, or hearing under this subchapter.

20 U.S.C. § 2000e-3(a) (emphasis added); <u>see</u> <u>Brady</u>, 360 F. Supp. 2d at 100-01.  The legal theory for plaintiff's retaliation claim is the "opposition clause" of Title's VII's retaliation provision in that plaintiff alleges that defendant allegedly forced plaintiff to resign because

plaintiff opposed actions that he believed would be illegal under Title VII.[2]  See Complaint ¶¶ 30, 51, 59.  The factual basis for plaintiff's retaliation claim is that his refusal to sign a declaration in support of the government's motion to dismiss in Worth, the class-action litigation in which the plaintiff challenged HUD's employment practices, led then-Deputy Secretary Jackson to institute discharge proceedings against plaintiff.  Id. ¶¶ 32-36.

These alleged facts do not amount to an opposition to a practice made an "unlawful employment practice" under Title VII.  See 42 U.S.C. § 2000e-3(a).  Title VII defines the "unlawful employment practices" that an employer is prohibited from taking under Title VII to encompass various personnel actions directed at individuals on the basis of their race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-3(a).  In other words, the "opposition clause" protects an employee who complains to his employer about employment discrimination.  See Johnson v. Washington Metropolitan Area Transit Authority, 355 F. Supp. 2d 304, 309-10 (D.D.C. 2005); see also Evans v. Kansas City, Missouri School District, 65 F.3d 98, 101 (8th Cir. 1995) ("Title VII is not a 'bad acts' statute"; teacher's opposition to school desegregation policy was not statutorily protected opposition to unlawful employment practice under Title VII).  Plaintiff, however, does not allege that his opposition was directed at an act of employment discrimination allegedly taken by defendant; rather, his opposition was directed at defendant's order that he sign the declaration because, he alleges, "HUD's failure to have an affirmative employment plan in place would violate Title VII, 42 U.S.C. § 2000e-16(b)(1); HUD

---

[2]  Most retaliation claims are made under the "participation clause" of § 2000e-3, based upon the plaintiff's participation in "any investigation, proceeding, or hearing" under Title VII.  See, e.g., Taylor, 350 F.3d at 1295-96.  Plaintiff here does not allege retaliation for his participation in any Title VII investigation, proceeding, or hearing.

regulations, 24 C.F.R. § 7.4; and the Civil Service Reform Act." Complaint ¶ 30. A failure by an agency to meet the reporting requirement set forth in 42 U.S.C. § 2000-16(b)(1) – let alone any such requirement in HUD's regulation or the Civil Service Reform Act – is not included among the "unlawful employment practices" set forth in § 2000e-2(a). Nor does such an alleged reporting requirement violation fall within any other "unlawful employment action" as defined in Title VII. See generally 42 U.S.C. § 2000e-2. Indeed, the failure of an agency to issue a report is not an "employment practice" of any kind, let alone an "unlawful" one. Thus, even assuming that plaintiff were correct that the declaration at issue embodied a violation by HUD of § 2000e-16(b)(1), he fails to state a claim under the opposition clause.

Plaintiff cannot successfully equate an act that "would violate Title VII," see Complaint ¶ 30, with an "unlawful employment practice" under Title VII, because he cannot unilaterally broaden the statutory scope of Title VII's anti-retaliation protections. See Stenberg v. Carhart, 530 U.S. 914, 942 (2000) (citations omitted) ("[w]hen a statute includes an explicit definition, we must follow that definition"); National Wildlife Federation v. Gorsuch, 693 F.2d 156, 172 (D.C. Cir. 1982) ("'[a] definition which declares what a term 'means' . . . excludes any meaning that is not stated'") (quoting Colautti v. Franklin, 439 U.S. 379, 392 n.10 (1979)) (internal citation omitted). Because HUD's alleged failure to abide by a Title VII reporting requirement does not amount to an unlawful employment practice under that statute, plaintiff cannot establish the first requirement of a *prima facie* showing, *i.e.*, that he engaged in a statutory-protected activity.

The fact that plaintiff's refusal to sign the declaration related to his EEO-related employment duties does not bring him within the opposition clause. Simply because someone

works in the EEO field does not automatically bring that person under the protections of Title VII. See, e.g., Pendelton v. Rumsfeld, 628 F.2d 102, 106-08 (D.C. Cir. 1980) (two EEO counselors who participated in a grievance demonstration against their supervisor's order were fired as EEO counselors for the manner in which they participated in the demonstration, rather than in retaliation); Holden v. Owens-Illinois, Inc. 793 F.2d 745, 751 (6th Cir. 1986) (plaintiff's attempt to implement affirmative action plans that would comply with an executive order did not qualify as protected conduct under Title VII's "opposition clause"; "[a]n employee does not receive special protection under Title VII simply because the employee handles discrimination complaints or works on affirmative action matters"); Smith v. Singer Co., 650 F.2d 214, 215-17 (9th Cir. 1982) (where plaintiff was responsible for the company's affirmative action programs and filed an EEO complaint on behalf of others against the company, his actions rendered him unable to fulfill the functions of his office); Whatley v. Metropolitan Atlanta Rapid Transit Authority, 632 F.2d 1325, 1329 (5th Cir. 1980) ("Title VII cannot be held to immunize an employee from all consequences of his behavior merely because part of his job happens to require the handling of discrimination complaints").

Thus, as a matter of law, plaintiff cannot state a claim that he engaged in any statutorily-protected activity. Accordingly, his complaint should be dismissed.

**<u>CONCLUSION</u>**

For the reasons set forth above, defendant respectfully requests that this Court grant

defendant's motion to dismiss plaintiff's complaint for failure to state a claim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

   /s/ Renée S. Orleans
HENRY A. AZAR, JR. (D.C. Bar No. 417249)
RENÉE S. ORLEANS (MD Bar)
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7120
Washington, D.C.  20530
Phone: (202) 514-4504; Fax: (202) 616-8470
Email: renee.orleans@usdoj.gov

Dated: August 1, 2005                **Counsel for Defendant**

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM C. KING,          )
                            )
                            )
           Plaintiff,       )     Case No. 1:05CV01074 (RJL)
                            )
        v.                    )
                            )
ALPHONSO R. JACKSON,      )
   SECRETARY OF HOUSING AND      )
   URBAN DEVELOPMENT,       )
                            )
          Defendant.      )
                            )
_____)

## <u>ORDER</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), and upon consideration of the

memorandum submitted by the parties, the motion to dismiss of defendant Alphonso R. Jackson,

Secretary of Housing and Urban Development, is hereby GRANTED, and it is hereby

ORDERED that this action be dismissed.


Dated: _____, 2005           _____

                                                 RICHARD J. LEON
                                                 United States District Judge